UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID JOHNSTON,<br><br>        *Plaintiff*,<br><br>v.<br><br>NATIONAL SECURITY AGENCY et al.,<br><br>        *Defendants*. | Civil Action No. 23-613 (TJK) |

**MEMORANDUM**

The Court has twice warned Plaintiff, who is represented by counsel, that he must serve process on Defendants according to the Federal Rules of Civil Procedure. It has also explained those rules to him. The extended deadline to do so has now passed, and Plaintiff still has not perfected service on any defendant. Thus, the Court will dismiss the case without prejudice.

Plaintiff's complaint names six defendants: two agencies of the federal government and four officials in both their individual and official capacities. *See* ECF No. 1 at 3–4. Plaintiff filed that complaint on March 6, 2023. *See id.* at 1. More than 60 days later, Plaintiff had yet to file proof of service. So the Court warned him that, under the Federal Rules of Civil Procedure and this Court's Local Civil Rules, he had to serve Defendants and file proof of service by June 5, 2023, or risk "dismissal of this action." Min. Order of May 10, 2023.

Plaintiff responded by filing proof of service on "Merrick Garland, United States Attorney General." ECF No. 8 at 1. But Rule 4 of the Federal Rules of Civil Procedure—as the Court has already explained to Plaintiff—"requires more." Min. Order of June 23, 2023. To sue "a United States agency" or a "United States officer or employee" in either her "official capacity" or her "individual capacity," "a party must serve the United States." Fed. R. Civ. P. 4(i)(2)–(3). Serving

the United States requires, in turn, service on "the Attorney General *and* the U.S. Attorney for the district where the action is brought." *Morrissey v. Mayorkas*, 17 F.4th 1150, 1156 (D.C. Cir. 2021) (emphasis added), *cert. denied*, 143 S. Ct. 624 (2023); *see also* Fed. R. Civ. P. 4(i)(1). Moreover, Rule 4(i)(2) requires parties suing federal agencies and official-capacity defendants to "send a copy of the summons and of the complaint by registered or certified mail to the agency, . . . officer, or employee." Likewise, Rule 4(i)(3) requires parties suing individual-capacity defendants to "serve the officer or employee under Rule 4(e), (f), or (g)."

The Court notified Plaintiff of all those requirements—and did so with a great deal of specificity given the complexity of the rule. *See* Min. Order of June 23, 2023. It also gave Plaintiff until July 7, 2023—32 days past Rule 4(m)'s 90-day deadline—to perfect service. *Id.* The Court did that in part because Plaintiff filed proof of service on the Attorney General, triggering Rule 4(i)(4)'s provision for "a reasonable time to cure" some of his other service failures. *See* Min. Order of June 23, 2023. But it also warned him that, if he did not "serve Defendants according to Rule 4(i) and [the Court's] instructions" by then, the Court would "dismiss the complaint." *Id.*

Plaintiff responded by filing five more documents. The first four he filed on June 25, 2023. Of those, one reports service on the National Security Agency. ECF No. 9. One reports service on Paul Nakasone. ECF No. 10. One reports service on "Simon â Johnâ T." likely the same defendant the complaint identifies as "Simon 'John' T." *See* ECF No. 11; ECF No. 1 at 1. And the last of those four reports service on "Randal D." ECF No. 12. Later (and a few hours after the extended deadline), Plaintiff filed the fifth document, which reports service on the United States Department of Defense. *See* ECF No. 13.

Those filings fixed some of the prior defects. But critically absent from that list is proof of service on the United States Attorney for the District of Columbia. That is despite the Court's

2

explicit warning that Rule 4(i) requires service on "the Attorney General *and* the U.S. Attorney for the district where the action is brought."  *See* Min. Order of June 23, 2023 (quoting *Morrissey*, 17 F.4th at 1156 (emphasis added)).  And that requirement is no empty formality.  Serving the "United States attorney for the district where the action is brought," Fed. R. Civ. P. 4(i)(1)(A)(i), "provide[s] notice to the officials who will be litigating the claims," *Morrissey*, 17 F.4th at 1156.  Notably, even though this action has been pending for four months, no defendant has appeared.

When service is untimely, Federal Rule of Civil Procedure 4(m) directs courts to "dismiss the action without prejudice against [unserved defendants] or order that service be made within a specified time."  The Court has already attempted the latter course, explaining both the rule and the service deficiencies, and giving Plaintiff "a reasonable time to cure" the shortfalls.  *See* Fed. R. Civ. P. 4(i)(4).  Still, no defendant has yet been properly served, despite those explicit instructions.  Moreover, the Court alerted Plaintiff that, if he did not perfect service by July 7, 2023, it would take the former course.  Min. Order of June 23, 2023.  As the D.C. Circuit has recognized, the Court has "discretion [to] dismiss[ ] [a] complaint when the time for effectuating service ha[s] passed."  *Morrissey*, 17 F.4th at 1158.

Thus, in its discretion, and for all the above reasons, the Court will "dismiss the action without prejudice."  Fed. R. Civ. P. 4(m).  A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: July 11, 2023